G. SELIGSON & CO. v. AMANDA STAPLES ET AL.

(No. 1981, Op. Book No. 2, p. 322.)

APPEAL from Guadalupe County. Opinion by
WATTS, J.

1 w 605
§ 1070
2 w 411
3 w 439

§ **1070.** *Execution from justice's court of one county
to another county; without certificate of clerk is voidable,
but not void; claimant in trial of right of property can-
not take advantage of such omission.* An execution was
issued from a justice's court of Galveston county to
Guadalupe county, and levied upon property in the latter
county. The execution was not accompanied by a certif-
icate of the county clerk, as required by article 1633,
Revised Statutes. The property levied on was claimed by
appellee Amanda Staples, under the statute providing
for the trial of the right of property, and upon the trial
she raised the objection that the execution was void, and
gave appellant no right to have the same executed. *Held,*
the writ was irregular, but not void, by reason of the
absence of the certificate. The statute says that the
writ shall be accompanied by the certificate, but it does
not declare that without the certificate it shall be void.
The decisions of the supreme court upon very similar
questions may be considered as settling this one. [Sydnor
v. Roberts, 13 Tex. 598; Earle v. Thomas, 14 Tex. 591;
Portis v. Parker, 22 Tex. 699.] And it is well settled
that the writ, not being void, could not be attacked by
the claimant in this proceeding. [Earle v. Thomas and
Portis v. Parker, *supra.*]

§ **1071.** *Community property; crops raised on wife's
land.* Crops raised on land which is the separate prop-
erty of the wife, although the expenses of raising the
same are paid out of the wife's separate money, are
nevertheless community property, and subject to the
debts of the husband. [De Blane v. Lynch, 23 Tex. 25.]

§ **1072.** *Exempt property; cotton in lieu of year's pro-
visions.* The statute exempts from forced sale "all pro-

visions and forage on hand for home consumption." [R. S. 2335.] It does not provide that in the absence of such exempt property the debtor shall be entitled to claim other property in lieu thereof. It will not bear such a construction. Cotton is not included in either the term "provisions" or "forage," and is not exempt from forced sale.

June 1, 1881.    Reversed and rendered.